UNITED STATES v. NEWCOMB. See Cases Nos. 15,868 and 15,869.

---

## Case No. 15,868.

### UNITED STATES v. NEWCOMER.

[33 Leg. Int. 94;[1] 22 Int. Rev. Rec. 115; 11 Phila. 519; 1 Cin. Law Bul. 69; 23 Pittsb. Law J. 221; 13 Alb. Law J. 221.]

District Court, E. D. Pennsylvania. Feb. 29, 1876.

CIVIL RIGHTS—REFUSAL OF HOTEL CLERK TO RECEIVE NEGRO.

The act of congress March 1, 1875 [18 Stat. 336], is authorized by the fourteenth amendment of the constitution of the United States, and a clerk in charge of the reception of travelers at a hotel may be liable to conviction for a violation of the provisions of the act.

The evidence for the prosecution showed that the defendant was in charge of the office at a hotel called the Bingham House; that Fields Cook, a Baptist minister, from Alexandria, Va., a man of color, applied for accommodation, and was refused a room by defendant; that Cook left and returned and was allowed to sit in a side room all night; that some eighteen other persons were admitted to rooms during the night. It also appeared that another guest of the house, a witness, applied to the defendant, stating his willingness to receive Fields Cook in a room occupied by the witness and two others, in which there was a spare bed, but defendant said he did not desire to have anything to do with Cook. The defendant told him that he had refused him the room because of his color.

Mr. Valentine, U. S. Dist. Atty., and Mr. Hazlehurst, Asst. U. S. Dist. Atty.

B. H. Brewster, for defendant.

CADWALADER, District Judge (charging jury). The fourteenth amendment of the constitution of the United States makes all persons born or naturalized in the United States, and subject to the jurisdiction thereof, citizens of the United States, and provides that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state * * * deny

[1] [Reprinted from 33 Leg. Int. 94, by permission.]

to any person within its jurisdiction the equal protection of the laws. This amendment expressly gives to congress the power to enforce it by appropriate legislation. An act of congress of March 1, 1875, enacts that all persons within the jurisdiction of the United States shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, public conveyances on land or water, theatres and other places of public amusement, subject only to the conditions and limitations established by law, and applicable alike to citizens of every race and color, and makes it a criminal offence to violate these enactments by denying to any citizen, except for reasons by law applicable to citizens of every race and color * * * the full enjoyment of any of the accommodations, advantages, facilities or privileges enumerated.

As the law of Pennsylvania had stood until the 22d of March, 1867, it was not wrongful for innkeepers or carriers by land or water to discriminate against travelers of the colored race to such an extent as to exclude them from any part of the inns or public conveyances which was set apart for the exclusive accommodation of white travel.rs. The legislature of Pennsylvania, by an act of March 22, 1867, altered the law in this respect as to passengers on railroads. But the law of the state was not changed as to inns by any act of the state legislature. Therefore, independently of the amendment of the constitution of the United States and of the act of congress now in question, the conduct of the defendant on the occasion in question, might, perhaps, have been lawful. It is not necessary to express an opinion upon this point, because the decision of the case depends upon the effect of this act of congress.

I am of opinion that under the fourteenth amendment of the constitution, the enactment of this law was within the legislative power of congress, and that we are bound to give effect to the act of congress according to its fair meaning. According to this meaning of the act, I am of opinion, that if this defendant, being in charge of the business of receiving travelers in this inn, and of providing necessary and proper accommodations for them in it, refused such accommodations to the witness Cook, then a traveler, by reason of his color, the defendant is guilty in manner and form as he stands indicted.[2] If the case depended upon the unsupported testimony of this witness alone, there might be some reason to doubt whether this defendant was the person in charge of this part of the business. But under this head the additional testimony of Mr. Annan seems to be sufficient

[2] This point of law was reserved.

to remove all reasonable doubt. If the jury are convinced of the defendant's identity, they will consider whether any reasonable doubt of his conduct or motives in refusing the accommodations to Fields Cook can exist. The case appears to the court to be proved; but this question is for the jury, not for the court. If the jury have any reasonable doubt, they should find the defendant not guilty: otherwise, they will find him guilty.

Jury found defendant guilty.